CITY OF PARKVIEW, STATE OF NEBRASKA, A CITY OF THE
SECOND CLASS, ET AL., APPELLANTS, V. CITY OF GRAND
ISLAND, STATE OF NEBRASKA, A CITY OF THE FIRST CLASS,
ET AL., APPELLEES.
196 N. W. 2d 197

Filed April 7, 1972. No. 38137.

Sam Grimminger, John Wagoner, and Stephen T. McGill, Lyle E. Strom, William J. Brennan, Jr., and C. L. Robinson, of Fitzgerald, Brown, Leahy, McGill & Strom, for appellants.

Richard L. DeBacker, Duane A. Burns, and William Howland, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.
This is an action to determine the validity of the annexation of the City of Parkview, Nebraska, by the City of Grand Island, Nebraska. The plaintiffs are the City of Parkview and officials and residents of that city. The defendants are the City of Grand Island, officials and residents of that city, and the Attorney General. The trial court found the annexation was valid. The plaintiffs have appealed.

Parkview is a city of the second class entirely surrounded by Grand Island, a city of the first class. The annexation was by ordinance pursuant to section 16-122, R. S. Supp., 1969. The statute authorizes a city of the first class to annex a city of the second class if certain conditions exist.

The plaintiffs contend that section 16-122, R. S. Supp., 1969, is unconstitutional because it is so limited in its application that it will never apply to any city or village other than Parkview. A similar argument was made and rejected in Campbell v. City of Lincoln, 182 Neb. 459, 155 N. W. 2d 444.

The statute is not invalid on its face. The class is not closed and it is possible that other first-class cities in Nebraska may eventually surround adjacent villages and cities of the second class which will be subject to annexation under the statute. So far as the record is concerned, there is no factual showing to support the plaintiffs' contention. The burden is on one who attacks a statute valid on its face to prove facts to establish its invalidity. Campbell v. City of Lincoln, *supra.*

One of the conditions specified in section 16-122, R. S. Supp., 1969, is that the annexing city shall have "sewer treatment facilities" with capacity to serve the city annexed. The plaintiffs' principal contention in this case is that the sewer treatment facilities of the City of Grand Island did not have sufficient capacity to serve the City of Parkview on December 29, 1969, the date the annexation ordinance was enacted.

The record shows that Grand Island has a modern sewage treatment plant which was completed in October 1965. The plant is described as a complete mixing activated sludge plant. It was designed to receive and treat all of the sewage, both domestic and industrial, originating in the City of Grand Island.

Much of the record consists of testimony concerning the "design capacity" of the plant as compared to its operating experience. There is evidence that the plant

can treat satisfactorily a volume of sewage far in excess of its design capacity. However, it has been necessary frequently to discharge partially treated sewage into the outfall ditch in order to reduce a temporary condition of excess activated sludge in the final clarifiers. Apparently, this condition results when a large volume of sewage, especially grease, is received in a short time from the Swift & Company packing plant nearby. The plaintiffs argue that this condition, termed "overloading," establishes that Grand Island did not have sewer treatment facilities with capacity to serve Parkview.

The purpose of the statutory provision is to insure that, if Parkview is annexed, its residents will be able to receive sewage treatment service from Grand Island. The test is whether there are facilities available to serve the area that is to be annexed. The record shows there are existing mains which can be extended into the annexed area to collect the sewage from Parkview and convey it to the treatment plant. The estimated additional sewage from Parkview which would be received at the treatment plant would be around 1 percent of the plant's present volume or capacity. The expert witnesses called by the defendants testified the plant facilities were adequate to treat the additional sewage that would be received from Parkview.

The additional sewage would be but a very small fraction of the hourly flow received at the plant. It would be such a small part of the volume received by the Grand Island plant, it would have no appreciable effect upon the operation of the plant. Under these circumstances, we think the condition of the statute is satisfied and the record supports a finding that Grand Island has sewer treatment facilities with capacity to serve Parkview.

The plaintiffs further contend that the annexation is invalid because Grand Island did not obtain a prior recommedation from the regional planning commission for Hall County, Nebraska. The regional planning com-

mission is an advisory body established to assist Hall County and the municipalities in Hall County in planning matters.

Section 18-1306, R. R. S. 1943, provides that a municipal governing body shall not take action on matters relating to "the comprehensive development plan, capital improvements, building codes, subdivision development, or zoning" until it has received the recommendation of the planning commission. There is no requirement that a recommendation be obtained in regard to annexation matters.

The judgment of the district court is affirmed.

AFFIRMED.